**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2445
_____

ARNOLD ALBERT AGUILAR-QUISPE,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA,
                                        Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A035-922-271)
Immigration Judge:  Honorable Kuyomars Q. Golparvar
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 16, 2018

Before:  GREENAWAY, JR., BIBAS and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 24, 2018)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Arnold Albert Aguilar-Quispe petitions for review of the Board of Immigration Appeals' (BIA) order dismissing his appeal from an immigration judge's (IJ) decision denying Aguilar-Quispe's motion to terminate removal proceedings and his request for deferral of removal under the Convention Against Torture (CAT). For the reasons that follow, we will deny the petition.

Aguilar-Quispe is a native and citizen of Peru who was admitted to the United States as a lawful permanent resident in 1977. In 1993, he was convicted on federal charges of conspiracy to possess with intent to distribute cocaine, possession with intent to distribute cocaine, and kidnapping, for which he was sentenced to 405 months' imprisonment. In 2015, the Department of Homeland Security charged Aguilar-Quispe with removability as an alien convicted of an aggravated felony, 8 U.S.C. § 1227(a)(2)(A)(iii), a controlled substance offense, 8 U.S.C. § 1227(a)(2)(B)(i), and two crimes involving moral turpitude, 8 U.S.C § 1227(a)(2)(A)(ii). Aguilar-Quispe applied for asylum, withholding of removal, and for relief under the CAT. He also filed a "Motion to Estop Removal Proceedings," which was construed as a motion to terminate proceedings, arguing that his convictions were illegal because his attorney advised him that he would not be deported as a consequence of his guilty plea, and the Government affirmatively misled him to believe the same under the terms of the plea agreement.

The Immigration Judge ("IJ") found Aguilar-Quispe removable, and denied all requests for relief. In denying the motion to terminate proceedings, the IJ explained that, despite a pending motion for post-conviction relief, Aguilar-Quispe's convictions were

2

final, and the immigration court was bound by those convictions. The IJ noted further that Aguilar-Quispe was not eligible for relief under Padilla v. Kentucky, 559 U.S. 356 (2010),[1] as it does not apply retroactively to cases on collateral review. See Chaidez v. United States, 568 U.S. 342, 344 (2013). Finally, the IJ determined that Aguilar-Quispe was not eligible for discretionary relief under the version of § 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c), which was in force at the time he pleaded guilty, because he had served more than five years in prison. See Lupera-Espinoza v. Att'y Gen., 716 F.3d 781, 787 (3d Cir. 2013) (holding that provision "plainly bar[red] discretionary relief to aliens who ha[d] served at least five years' imprisonment for one or more 'aggravated felonies.'") (citation omitted).

On appeal, Aguilar-Quispe challenged the denial of his motion to terminate the proceedings. He also filed a motion to remand, arguing that the record on appeal was incomplete because the IJ did not articulate a factual basis for denying the motion. The Board affirmed the IJ's ruling, noting that Aguilar-Quispe's convictions were final, and that he was precluded from attacking them in an immigration proceeding.

Aguilar-Quispe also argued that the IJ denied his due process rights by preventing him from presenting evidence in support of his request for deferral of removal. The Board rejected this claim, finding no prejudice because the only evidence Aguilar-Quispe

---

[1] In Padilla, the Supreme Court held that the Sixth Amendment requires defense counsel to advise their clients whether a guilty plea carries a risk of deportation. 559 U.S. at 374.

indicated he wanted to provide was in support of his allegations that the IJ accepted as true. This petition for review ensued.

Although we have jurisdiction to review final orders of removal, see 8 U.S.C. § 1252, we generally lack jurisdiction over final BIA decisions "ordering removal based on the commission of an aggravated felony or a controlled substance offense." Leslie v. Att'y Gen., 611 F.3d 171, 174 (3d Cir. 2010). In such cases, our jurisdiction is limited to reviewing colorable constitutional claims and questions of law. Pareja v. Att'y Gen., 615 F.3d 180, 186 (3d Cir. 2010). "To determine whether a claim is colorable, we ask whether 'it is immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial and frivolous.'" Id. (citation omitted).

Aguilar-Quispe's sole issue for review is that the IJ and BIA failed to consider his argument that the Government should be estopped from seeking his deportation on the basis of his convictions because it affirmatively misled him to believe that there were no deportation consequences to his plea. He raised this issue both in his motion to terminate the proceedings and in his motion to remand. We disagree with the Government that we lack jurisdiction to review this claim. The failure to afford an alien "an individualized determination of his [or her] interests" amounts to a denial of due process. Abdulai v. Ashcroft, 239 F.3d 542, 549 (3d Cir. 2001) (citation omitted); cf. Jarbough v. Att'y Gen., 483 F.3d 184, 189 (3d Cir. 2007) ("arguments such as that an Immigration Judge or the BIA incorrectly weighed evidence, failed to consider evidence or improperly weighed

4

equitable factors are not questions of law"). And a claim need not be ultimately meritorious to be deemed colorable. Pareja, 615 F.3d at 187.

In support of his petition, Aguilar-Quispe notes, correctly, that we have recognized the "proof of affirmative misconduct on the part of the Government" during the immigration process may give rise to an estoppel claim. See Yang v. INS, 574 F.2d 171, 175 (3d Cir. 1978). However, the alleged Government misconduct at issue in his motion occurred during the course of his criminal proceedings. In essence, his estoppel claim is one of prosecutorial misconduct during the plea process.[2] As the IJ noted in his oral decision when denying the motion to terminate proceedings, Aguilar-Quispe's attacks on the validity of his plea – and thus the validity of his conviction – were "outside the jurisdiction of [the immigration] court," and were solely in the province of the criminal court.[3] A.R. at 140. In affirming the denial of the motion, the Board noted that Aguilar-Quispe "cannot collaterally attack the legitimacy of his criminal convictions in immigration proceedings."[4] A.R. at 2. Thus, although the Agency did not discuss

---

[2] This argument is distinguishable from his alternative estoppel argument – that his counsel's ineffectiveness resulted in an invalid conviction. To the extent that Aguilar-Quispe seeks to raise a claim with respect to the denial of his motion on this alternative basis, we deem it waived. Harvey v. Plains Twp. Police Dep't, 421 F.3d 185, 192 (3d Cir. 2005) (noting that arguments not raised in an opening brief are waived).

[3] On the same day as the oral decision, the IJ also stated on the record, just prior to Aguilar-Quispe's testimony, that the motion to terminate proceedings was denied after noting that post-conviction proceedings were pending, and that, therefore, the convictions remained final. A.R. at 192-95.

[4] Implicit in this decision is the denial of the motion to remand; the BIA's failure to explicitly state that the motion was denied did not deprive Aguilar-Quispe of the ability to present his case, nor was he prejudiced thereby. See Yuan v. Att'y Gen., 642 F.3d

5

specifically the allegation of prosecutorial misconduct, it adequately explained its reasoning for denying the estoppel argument. Accordingly, Aguilar-Quispe was afforded adequate process as a matter of law.

Based on the foregoing, we will deny the petition for review. The motion to file the reply brief out of time is granted.

---

420, 427 (3d Cir. 2011) (explaining that an error in an immigration case is harmless "when it is highly probable that the error did not affect the outcome of the case").